**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **In re:**<br><br>**DENNIS BREITIGAN and**<br>**SUE E. BREITIGAN,**<br>             Debtors.<br><br>**JOHN R. CANNEY, III, TRUSTEE**<br>             Plaintiff,<br>     v.<br><br>**LARRY JOHNSON and**<br>**ROSEANNE JOHNSON,**<br>             Defendants. | Filed & Entered<br>On Docket<br><br>08/09/06 | **Chapter 7 Case**<br>**# 04-11250**<br><br><br><br>**Adversary Proceeding**<br>**# 05-1051** |

| | | |
|---|---|---|
| *Appearances:* | Karl C. Anderson, Esq.<br>Amderson & Eaton, P.C.<br>Rutland, Vt.<br>*For the Plaintiff* | Anthony R. Duprey, Esq.<br>Neuse, Smith & Venman, P.C.<br>Middlebury, Vt.<br>*For the Defendants* |

**MEMORANDUM OF DECISION**
**DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants seek summary judgment on the theory of accord and satisfaction pursuant to 9A VSA §3-311, and assert that there are no genuine issues of material fact (doc. # 21). For the following reasons, the Court finds that there are material facts in dispute and therefore denies the Plaintiff's motion for summary judgment.

**JURISDICTION**

The Court has jurisdiction over this adversary proceeding and the motion for summary judgment under 28 U.S.C. § 157(b)(1). It is undisputed that the adversary proceeding constitutes a core proceeding.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify

which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991)..

### DISCUSSION

The parties are in agreement that this motion must be determined by Vermont's accord and satisfaction statute, 9A VSA §3-311, which provides in pertinent part as follows:

(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a *bona fide* dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained in a conspicuous statement to the effect that at the instrument was tendered as full satisfaction of the claim.

The Defendants filed a Statement of Undisputed Facts and the Plaintiff filed a Statement of Disputed Facts, however, the two are not numbered in a parallel fashion so as to identify precisely which facts set forth in the Defendants' statement the Plaintiff specifically disputes. From a reading of the two documents, the Court finds that for purposes of this motion, the following facts are undisputed:

1. In February, 2002, the Dennis Breitigan (hereafter the "Debtor") and the Defendants entered into a written contract for the Debtor to demolish a house on Lake Dunmore that was owned by the Defendants and construct a new home for them on that site.

2. The Defendants made numerous progress payments during the construction.

3. The project was completed.

4. In October, 2004, the Defendants tendered a check in the amount of $15,000 and wrote on the front of the check "Final $'s on Contract."

5. The Debtor negotiated the check after writing the following statement on the check "Final Progress Payment, balance due upon completion."

2

The Plaintiff alleges that there are material facts in dispute as to the question of whether the Debtor acted in good faith. The Court agrees. In order for the principle of accord and satisfaction to apply, the party so claiming must demonstrate that he or she tendered **in good faith** an instrument to the claimant as full satisfaction of the claim. See 9A VSA §3-311(a) [emphasis added], Alpine Haven Property Owners Assn., Inc. v. Daptula, (2002-035), 830 A.2d 78 (2003). Both parties acknowledge that good faith is essential to the relief sought. The Defendants argue that they reasonably believed that the amount tendered was in fact the full balance due under the contract. See Defendants' Motion for Summary Judgment and Memorandum of Law (doc. #21) at pp 4-5. The Debtor disagrees and points to efforts the Defendants subsequently made to refinance the balance due through the National Bank of Middlebury. See Plaintiff's Opposition to Motion for Summary Judgment (doc. # 23) at p 2.

Based upon the record before it, the Court finds that there is a dispute as to the balance still outstanding under the contract, whether the Debtor reasonably believed that the Defendants intended to pay him additional sums at the time he negotiated the check in question, and whether the Defendants violated their duty of fair dealing. Since it is impossible to determine whether the Defendants acted in good faith, and hence met the requirements of 9A VSA §3-311, without resolution of these facts, the Court considers these to be material facts.

### CONCLUSION

Based upon the foregoing, the Court finds that there are material facts in dispute, and therefore, denies the Defendants' motion for summary judgment.

This constitutes the Court's findings of fact and conclusions of law. A separate order accompanies this memorandum setting forth the Court's directions for proceeding to trial.

August 9, 2006  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge